DIVISION OF STATE PARKS — RULES AND REGULATIONS Under 74 O.S. 1811 [74-1811](2) (1972) the issuance of rules and regulations is within the scope of responsibility of the Division of State Parks. The Division of State Parks may ban certain vehicles altogether from state parks, create non-vehicle areas and regulate non-vehicular traffic in state parks pursuant to the authority granted in 74 O.S. 1811 [74-1811](2) (1972). The Attorney General is in receipt of your letter wherein, in effect, you ask the following questions: 1. Is the issuance of rules and regulations generally within the scope of responsibility of the Oklahoma Tourism and Recreation Department? 2. May the Oklahoma Tourism and Recreation Department ban certain vehicles altogether from areas of state parks where such vehicles are held to be incompatible with the primary purpose for which the area was created? 3. May the Oklahoma Tourism and Recreation Department create certain non-vehicle areas in state parks? 4. What is our authority to regulate non-vehicular traffic such as horseback riding in state parks? The pertinent portions of the bill are incorporated into 74 O.S.Supp. 1801 through 74 O.S. 1820 [74-1820] (1972). Section 74 O.S. 1811 [74-1811] of Title 74 states in pertinent part: "The Division of Parks shall, subject to the policies, rules and regulations of the Commission: "2. Administer state parks, establish rules and regulations for the use of public recreation facilities therein and establish rentals for the use of lands or interests therein; providing, however, nothing in this paragraph shall allow the charging of admission fees to any state park; and "3. Exercise all authority and powers now vested in the Division of Parks and Recreation and derived from the Oklahoma Industrial Development and Park Department relating to parks and recreation, except as regards state-owned lodges." (Emphasis added) Section 12 of Bill 487 is embodied in 74 O.S. 1812 [74-1812] (1972), and states that: "The Oklahoma Tourism and Recreation Department shall have the right to post areas where cabins or camping facilities are located within state parks to regulate the use or operation of motor vehicles, including motorcycles, motorbikes, or motor scooters, in said area. Any violation of such posting shall be punishable as a misdemeanor." The power to issue rules and regulations (regarding motor vehicles) is granted to the Oklahoma Tourism and Recreation Department, Division of Parks, under 74 O.S. 1811 [74-1811](2) (1972) wherein it is stated that the Department "shall administer state parks, establish rules and regulations for the use of public recreation facilities therein." Under the rule of construction of statutes in McVicker v. Board of County Commissioners of Caddo County,442 P.2d 297 (1968), the following was stated: "All courts recognize that if the wording of a provision of a statute or constitution is plain, clear and unambiguous, its evident meaning must be accepted that there is no reason or justification for the use of interpretive devices to fabricate a different meaning." The language of 74 O.S. 1811 [74-1811] (1792) is clear that the Oklahoma Tourism and Recreation Department has the plenary power to make all rules and regulations concerning the use of state parks subject to the authority of the commission. The power to issue rules and regulations regarding the prohibition of certain vehicles entirely from certain areas where these vehicles are incompatible with the primary purpose of the area, and all vehicles from designated areas of state parks, is granted to the Oklahoma Tourism and Recreation Department, Division of Parks, under 74 O.S. 1811 [74-1811](2) (1972). This power granted by Section 1811(2) is not restricted by the following Section 1812 and does not fall under the rule of statutory constructions of ejusdem generis, wherein general words following an enumeration of particular cases apply only to the enumerated cases. Here the particular enumeration of a situation restricting vehicular activity in public areas is but one method of the Oklahoma Tourism and Recreation Department's regulation of the use of state parks under 74 O.S. 1811 [74-1811] (1972). The power to post camping and cabin areas for the regulation of motor vehicles does not limit the Department's power to prohibit vehicles from state parks in all areas or in certain areas as determined by the Department. In 60 C.J.S., 36, at page 250, regarding the power to regulate and prohibit vehicles within state parks, it was stated: "The operation of motor vehicles over highways in public parks may be regulated directly by the Legislature or by its authorized agency, such as the commissioners or officers who have charge of such parks. . . . Within the limits of the power delegated to them, and subject to the limitation that the regulations adopted by them are reasonable and not in conflict with statutory regulations, such commissioners or officers may prescribe the size or kind of motor vehicles to be operated thereon, or even exclude motor vehicles from some of such highways. . . ." (Emphasis added) Finally, to give effect to the intent of the Legislature in passing this bill, (wherein it is stated that the Division of Parks shall improve public recreation facilities such as camping sites and scenic trails) the Department was granted the power to establish rules and regulations to best accomplish the ends of public use of these facilities, some of which are these proposed rules restricting vehicular activity in state parks. It is, therefore, the opinion of the Attorney General that your questions should be answered as follows: Question one should be answered in the affirmative in that under 74 O.S. 1811 [74-1811](2) (1972) the issuance of rules and regulations is within the scope of responsibility of the Division of State Parks. Questions two, three and four should also be answered in the affirmative in that under 74 O.S. 1811 [74-1811](2) (1972) the Division of State Parks may ban certain vehicles altogether from state parks, create non-vehicle areas and regulate non-vehicular traffic in state parks. (Donald B. Nevard)